UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEAN R. MILLER,

                                   Plaintiff,

      vs.                                                   9:13-CV-1405 (DNH/ATB)

MICHELLE WINCHELLE, *et al.*,

                                   Defendants.
_____

SEAN R. MILLER, Plaintiff, *pro se*
JAMES E. CULLUM, ESQ., Attorney for Defendant Rodenmayer
JOHN D. ASPLAND, ESQ., Attorney for Defendant Winchelle
WILLIAM A. SCOTT, ESQ., Attorney for Defendant Winchelle

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable David N. Hurd, United States District Judge. In this *pro se* civil rights complaint (Dkt. No. 1)[1], plaintiff alleges that, while he was in the custody of the Washington County Jail, the defendants denied him constitutionally adequate medical care.

Presently before this court is defendant Winchelle's motion to dismiss plaintiff's complaint for failure to state a claim,[2] pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 29). Plaintiff has responded to this motion, and

---

[1] Plaintiff filed a motion to amend his complaint (Dkt. No. 15), which the court denied. (Dkt. No. 47). Therefore, plaintiff's original complaint is the operative pleading.

[2] Defendant Rodenmayer filed a separate motion to dismiss (Dkt. No. 10), which this court converted to a motion for summary judgment (Dkt. No. 49).

defendant Winchelle has replied. (Dkt. Nos. 39, 40). For the following reasons, this court recommends that defendant Winchelle's motion to dismiss be denied.

I. **Facts and Contentions**

Plaintiff asserts that following his arrival at the Washington County Jail on May 5, 2013, defendant Winchelle informed him that his seizure medication would not be filled "due to no recent seizure activity." (Compl. at 6).[3] However, according to plaintiff, he had "several seizures" the day he was placed in jail. (*Id.*). Two months later, on July 12, 2013[4] plaintiff was sent to the emergency room for an unrelated issue. (*Id.*). While at the hospital, plaintiff had multiple seizures. (*Id.*). After being released from the hospital, plaintiff had another seizure in the parking lot, causing him to fall. (*Id.*). This fall resulted in an abrasion to his face. (*Id.*). After returning to the Jail, plaintiff contends he was placed in his cell for three days where he had six more seizures. (*Id.*). A "code blue" was called during this time, and Nurse Winchelle came down to his cell and checked his vitals, but left without "seeing if [he] was alright or not." (*Id.*). Despite multiple requests, plaintiff claims he was denied his medication throughout this time. According to plaintiff he had to argue with the medical staff to allow him to see a doctor and to receive his seizure medication.[5]

---

[3] The Court's references to page numbers are to the page numbers electronically generated by the CM/ECF system.

[4] In his complaint, plaintiff states that he was sent to the emergency room on July 17th, however the medical records that he attaches to his complaint demonstrate that this actually occurred on July 12th.

[5] In his complaint, plaintiff states that "it took t[w]o weeks for them to finally get [him] on [his] meds" and that "more than 3/4 of [his] time in Washington County Jail has been []

2

**II.     Motion to Dismiss**

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

For the reasons discussed below, the court concludes that plaintiff has stated a plausible claim against defendant Winchelle for deliberate indifference to plaintiff's

---

dealing with trying to get back on [his] meds." (Compl. at 7). In his complaint, plaintiff also asserts that he arrived at the Jail in May, and still had not received his seizure medication two months later, in July. Therefore, it is unclear what two week time period plaintiff references. However, at this stage in the proceeding, and given plaintiff's *pro se* status, the complaint must be liberally construed and interpreted to raise the strongest arguments it suggests. *See, e.g., Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006).

3

serious medical needs, and that her motion to dismiss should be denied as to that claim

III. **Denial of Medical Care**

   A. **Legal Standards**

In order to state a claim based on constitutionally inadequate medical treatment,[6] the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing *inter alia Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

   1. **Objective Element**

In order to meet the objective requirement, the alleged deprivation of adequate medical care must be "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Determining whether a deprivation is sufficiently serious also involves two inquiries. *Id.* The first question is whether the plaintiff was actually deprived of adequate medical care. *Id.* Prison officials who act "reasonably" in response to the inmates health risk will not be

---

[6] It appears that plaintiff was a pre-trial detainee while incarcerated at the Washington County Jail. Therefore, his claim for denial of medical care arises under the Fourteenth Amendment. However, the "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment as it is under the Eighth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 70-71 (2d Cir. 2009). Therefore, plaintiff's allegations will be analyzed under the Eight Amendment's deliberate indifference standards. *Id.*

4

found liable under the Eighth Amendment because the official's duty is only to provide "reasonable care." *Id.* (citing *Farmer*, 511 U.S. at 844–47).

The second part of the objective test asks whether the purported inadequacy in the medical care is "sufficiently serious." *Id.* at 280. The court must examine how the care was inadequate and what harm the inadequacy caused or will likely cause the plaintiff. *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 32–33 (1993)). If the "unreasonable care" consists of a failure to provide ***any*** treatment, then the court examines whether the inmate's condition itself is "sufficiently serious." *Id.* (citing *Smith v. Carpenter*, 316 F.3d 178, 185–86 (2d Cir. 2003)). However, in cases where the inadequacy is in the medical treatment that was actually afforded to the inmate, the inquiry is narrower. *Id.* If the issue is an unreasonable delay or interruption of ongoing treatment, then the "seriousness" inquiry focuses on the challenged delay itself, rather than on the underlying condition alone. *Id.* (citing *Smith*, 316 F.3d at 185). The court in *Salahuddin* made clear that although courts speak of a "serious medical condition" as the basis for an Eighth Amendment claim, the seriousness of the condition is only one factor in determining whether the deprivation of adequate medical care is sufficiently serious to establish constitutional liability. *Id.* at 280.

### 2. Subjective Element

The second element is subjective and asks whether the official acted with "a sufficiently culpable state of mind." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)). In order to meet the second element, plaintiff must demonstrate more than a "negligent" failure to provide adequate medical care. *Id.* (citing *Farmer*, 511 U.S. at

5

835–37). Instead, plaintiff must show that the defendant was "deliberately indifferent" to that serious medical condition. *Id*. Deliberate indifference is equivalent to subjective recklessness. *Id.* (citing *Farmer*, 511 U.S. at 839–40).

In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Chance*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The defendant must be subjectively aware that his or her conduct creates the risk; however, the defendant may introduce proof that he or she knew the underlying facts, but believed that the risk to which the facts gave rise was "insubstantial or non-existent." *Farmer*, 511 U.S. at 844. The court stated in *Salahuddin* that the defendant's belief that his conduct posed no risk of serious harm "need not be sound so long as it is sincere," and "even if objectively unreasonable, a defendant's mental state may be nonculpable." *Salahuddin* 467 F.3d at 281.

Additionally, a plaintiff's disagreement with prescribed treatment does not rise to the level of a constitutional claim. *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001). Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id.* (citations omitted). An inmate does not have the right to treatment of his choice. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Because plaintiff might have preferred an alternative treatment or believes that he did not get the

6

medical attention he desired does not rise to the level of a constitutional violation. *Id.*

Disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment. *Sonds*, 151 F. Supp. 2d at 312 (citing *Estelle v. Gamble*, 429 U.S. at 107). Even if those medical judgments amount to negligence or malpractice, malpractice does not become a constitutional violation simply because the plaintiff is an inmate. *Id.; see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (noting that negligence is not actionable under § 1983). Thus, any claims of malpractice, or disagreement with treatment are not actionable under § 1983.

**B.     Application**

Defendant Winchelle asserts that plaintiff's seizures do not constitute a "serious" medical condition, and that in any event, his allegations do not demonstrate deliberate indifference, instead simply alleging a disagreement with treatment. However, at this stage in the proceeding, under the liberal standards for construing a *pro se* complaint in the context of a motion to dismiss, this court concludes that plaintiff has alleged enough to state a facially plausible claim that defendant Winchelle acted with deliberate indifference to plaintiff's serious medical needs.[7]

The Second Circuit has set forth factors to consider when determining whether an alleged medical condition is sufficiently serious, including but not limited to: (1)

---

[7] The court does not, however, offer any opinion on whether plaintiff's allegations could withstand a properly supported motion for summary judgment. Indeed, counsel for defendant Winchelle states in his affidavit that a full copy of plaintiff's medical records would further belie plaintiff's claims. (Dkt. No. 29-1).

7

the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain. *Chance*, 143 F.3d at 702. Plaintiff claims that he suffered multiple seizures during his time at Washington County Jail, both before and after Nurse Winchelle informed him he would not be provided with his medication. According to plaintiff, despite multiple requests during his time at the jail, he was not provided with his seizure medication. One of his seizures occurred over two months after his arrival, and resulted in a fall and an abrasion to his face.[8] Plaintiff was placed on 1:1 supervision following this visit to the hospital. Two days after his return from the hospital, on July 14, 2013, plaintiff complained of feeling faint and while defendant Winchelle was on her way, a "code blue" was called because plaintiff "was having what looked to be seizure activity." (Dkt. No. 1-1 at 8). Construing the facts in the light most favorable to plaintiff, he alleges that defendant Winchelle denied him medication and/or medical attention which would have prevented his seizures.[9] At this stage in the proceeding, plaintiff has set forth enough facts to plausibly suggest that his condition, and the deprivation in medical care was sufficiently serious.

It is true that a mere disagreement with the treatment provided, or with the

---

[8] The court notes that this seizure occurred in the parking lot of the hospital, and not at the jail, however, plaintiff was treated for the abrasion when he returned to the jail.

[9] The Second Circuit has found that epilepsy, a seizure condition, can constitute a serious medical condition for purposes of an Eighth Amendment claim. *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (plaintiff complaining that medical staff continued to deny him medication for Jacksonian Epilepsy).

8

medication provided does not demonstrate deliberate indifference. However, plaintiff asserts that he was not provided *any* seizure medication during much of his time at Washington County Jail despite suffering multiple seizures, at least one of which resulted in an injury. In the absence of additional facts, and given the stage of the proceeding, the court does not have the benefit of an affidavit from medical staff at the jail which may clarify the treatment provided, the reasons for this course of treatment, and whether defendant Winchelle disregarded an excessive risk that would support a facially plausible claim for "deliberate indifference." Instead, the court must accept plaintiff's allegations which can be construed to allege that, notwithstanding seizure activity, defendant Winchelle refused to allow plaintiff to see a doctor, and refused to provide him with adequate medications or treatment for his condition.

While defendant Winchelle may be able to marshal facts in a summary judgment motion to undermine plaintiff's claim that defendant acted with deliberate indifference in discontinuing plaintiff's medications and/or not providing adequate treatment, the complaint, liberally construed, states a facially plausible cause of action.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant Winchelle's motion to dismiss (Dkt. No. 29) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

9

**APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 18, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge